**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2933
_____

GINA PAOLA SILVA; GUSTAVO ALFONSO MEDINA ACOSTA; M. M.S.,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A240-844-470, A240-844-471, A240-844-472)
Immigration Judge: Maria Akalski

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2026
Before: MATEY, MONTGOMERY-REEVES, and NYGAARD, *Circuit Judges*

(Opinion filed: July 8, 2026)
_____

OPINION*
_____

PER CURIAM

The petitioners are native citizens of Colombia, and they petition for review of the

final order of removal entered by the Board of Immigration Appeals ("Board") that

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

dismissed their appeal from the decision of an Immigration Judge ("IJ"). The IJ denied the applications of Gina Paola Silva, the lead petitioner, and her husband and daughter, for asylum, statutory withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We will deny the petition for review.

I.

Silva, her husband, and her daughter entered the United States without authorization. The Department of Homeland Security charged them with removability as noncitizens present in the United States without being admitted or paroled. Through counsel, the petitioners conceded the charges and applied for asylum, statutory withholding of removal, and CAT protection. They sought asylum and statutory withholding of removal based on persecution on account of their asserted membership in two particular social groups ("PSGs"): 1) family members of Silva's former husband; and 2) family members of Silva's son. Silva testified in support of their applications at a hearing before the IJ.

The IJ issued a decision denying the applications. Among other things, the IJ found that the petitioners failed to establish that they were or would be harmed on account of their family ties. The petitioners, through counsel, appealed to the Board. The Board dismissed the appeal and affirmed the IJ's determination that the petitioners did not establish past or future persecution on account of their familial relationships with

---

[1] Silva listed her husband and daughter as derivative beneficiaries of her application, and these petitioners also filed separate applications for relief based on the same facts as those in Silva's application.

Silva's former husband or Silva's son. Particularly, the Board explained that the petitioners did not sufficiently address the IJ's specific factual findings or legal analysis on the nexus issue, and that the "general nature" of the petitioners' arguments on appeal did not establish clear error in the IJ's nexus analysis. The Board also determined that the petitioners did not meaningfully challenge the IJ's denial of protection under the CAT, and that the issue was waived on appeal.

The petitioners, proceeding pro se, filed a petition for review.

## II.

We have jurisdiction under 8 U.S.C. § 1252(a). We review the Board's decision, and we review the IJ's decision to the extent that the Board relied on it. *See Singh v. Att'y Gen.*, 839 F.3d 273, 282 (3d Cir. 2016). But where, like here, the Board relies only on some of the IJ's grounds for denying relief, we review only those grounds. *See Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). We review de novo whether the Board applied the correct legal standard for nexus, and we review the Board's factual findings for substantial evidence. *See Tipan Lopez v. Att'y Gen.*, 142 F.4th 162, 170 (3d Cir. 2025). Under the "highly deferential" substantial-evidence standard, we will set aside a factual finding "only if a 'reasonable adjudicator would be compelled to conclude to the contrary.'" *Alexander-Mendoza v. Att'y Gen.*, 55 F.4th 197, 207 (3d Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The petitioners challenge the denial of their applications for asylum and statutory withholding of removal. To make out a prima facie case for asylum, an applicant must show that he was persecuted, or has a well-founded fear of persecution, "on account of" a

3

statutorily protected ground, including membership in a PSG. 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b). To be granted withholding of removal, an applicant must prove "that he would more likely than not be persecuted on account of" a protected ground, including PSG membership. *Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021); 8 U.S.C. § 1231(b)(3)(A). In both instances, the protected ground must be "one central reason" for the persecution. *See Thayalan*, 997 F.3d at 142.

The petitioners contend that the agency ignored evidence and failed to consider the possibility of mixed motives in its nexus determination. As the Government explains, the petitioners did not adequately exhaust those arguments before the Board. *See Aguilar v. Att'y Gen.*, 107 F.4th 164, 169 (3d Cir. 2024) (citation omitted) (explaining that we "must enforce" the exhaustion rule where the Government "properly raises it"). The petitioners' counseled brief in support of their appeal to the Board did not take issue with the IJ's legal standard for nexus, or its application of that standard. Instead, the petitioners mostly challenged the IJ's determination that they did not sufficiently prove past persecution or the well-founded fear of future persecution.

To the extent that the petitioners preserved any nexus challenge, substantial evidence supports the Board's determination that the petitioners' general arguments did not establish clear error in the IJ's factual findings. Particularly, the record supports the IJ's findings that there was insufficient evidence presented as to why Silva's former husband was killed, and that the petitioners were threatened because Silva's son refused to join a criminal organization. Accordingly, we will not disturb the agency's decision on the petitioner's applications for asylum and statutory withholding of removal.

4

The petitioners also challenge the agency's denial of relief under the CAT. But as the Government correctly points out, the petitioners did not raise this issue before the Board. Thus, the Board did not abuse its discretion in deeming the issue waived. *See Sanchez v. Att'y Gen.*, 147 F.4th 348, 352 (3d Cir. 2025).

III.

For the foregoing reasons, we will deny the petition for review.